**Hayk SIMONYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 05–71499, 07–70133.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 6, 2009.[*]

Filed March 6, 2009.

Susan Elizabeth Hill, Hill, Piibe & Villegas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Timothy James Searight, Assistant U.S. Attorney, Office of

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the U.S. Attorney, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Benjamin Zeitlin, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Hayk Simonyan, a native of the former Soviet Union and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and also petitions for review of the BIA's order denying his motion to reopen proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing the IJ's denial of asylum and withholding for substantial evidence, *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004), and the BIA's denial of the motion to reopen for abuse of discretion, *see Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), we deny in part and dismiss in part the petition for review in No. 05–71499, and deny the petition for review in No. 07–70133.

■ Substantial evidence supports the IJ's adverse credibility determination. The stark inconsistency between Simonyan's asylum application (interrogated for 2 days and set free) and his testimony (interrogated for 3–4 days and imprisoned for 2 years), regarding the same event, was not adequately explained even though he was given a full and fair opportunity by the IJ to do so. This inconsistency goes to the heart of Simonyan's asylum claim, and supports the IJ's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 962, 964 (9th Cir.2004).

In the absence of credible testimony, Simonyan has not established eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

We lack jurisdiction to review the IJ's denial of CAT relief because Simonyan did not raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

■ In 07–70133, the BIA did not abuse its discretion by denying Simonyan's motion to reopen, based in part on the motion's failure to address the underlying adverse credibility finding. *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991) (requiring that motion to reopen establish prima facie eligibility for the underlying substantive relief requested).

In 05–71499, **PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

In 07–70133, **PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.